974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harikrushna PATEL, Defendant-Appellant.
 No. 91-2229.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.*
Decided Sept. 8, 1992.
Rehearing and Rehearing En Banc
Denied Oct. 13, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant Harikrushna Patel appeals the district court's denial of his motion to correct an illegal sentence. Fed.R.Crim.P. 35(a). We affirm.
 
 Background
 
 2
 In September 1986, a jury found Patel guilty of arson, conspiracy, mail fraud and tampering with a witness. After fleeing the jurisdiction, Patel was apprehended and sentenced to seven years imprisonment. We affirmed his conviction on appeal. United States v. Patel, Nos. 87-2961, 87-3029 (7th Cir.1989). Prior to the decision on appeal, he filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied his motion, and the district court's denial was affirmed on appeal. Patel v. United States, No. 90-1016 (7th Cir.1992). He then filed a motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a) which was denied by the district court. This appeal followed.
 
 Discussion
 
 3
 Patel contends that his consecutive sentences for conspiracy to commit arson and the substantive offense of arson constitute multiple punishments for the same offense and therefore violate the double jeopardy clause. It is well-settled that the double jeopardy clause does not bar a conviction for both conspiracy and the substantive offense. United States v. Somers, 950 F.2d 1279, 1282 (7th Cir.1991). See also United States v. Felix, 112 S.Ct. 1377, 1382 (March 25, 1992) (reaffirming that mere overlap in proof between two prosecutions does not establish a double jeopardy violation).
 
 
 4
 The balance of Patel's brief consists of various allegations of prosecutorial misconduct. Because Patel did not raise these allegations before the district court, and the ends of justice do not demand excusal of waiver, he is barred from raising them on appeal. United States v. Towns, 913 F.2d 434, 438 n. 1 (7th Cir.1990).[1] In his reply brief, Patel challenges the validity of the restitution order which was included in his sentence. Although he presented this in the district court, his failure to argue it in his preliminary brief constitutes waiver. Egert v. Connecticut General Life Ins., 900 F.2d 1032, 1035-1036 n. 1.
 
 Conclusion
 
 5
 For the foregoing reasons, the decision of the district court denying Patel's motion to correct an illegal sentence is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement in opposition to oral argument. Therefore, the appeal is submitted on the briefs and the record
 
 
 [1]
 Allegations of prosecutorial misconduct are properly brought in a petition for relief pursuant to 28 U.S.C. § 2255. Construing his allegations as a petition for relief under § 2255, an additional basis for denying the motion is abuse of the writ. Rule 9 of the Rules Governing § 2255 proceedings. Because Patel failed to raise prosecutorial misconduct in his first petition for relief under § 2255, he is barred from raising it in a subsequent § 2255 petition because he has not demonstrated cause for failing to raise the claim or actual prejudice resulting therefrom. McClesky v. Zant, 111 S.Ct. 1454, 1468 (1991)